UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JAMES BURNS,

      Plaintiff,

vs.                                      CASE NO.:

CHUY'S OPCO, INC. d/b/a CHUY'S,

      Defendant.

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, CHUY'S OPCO, INC. d/b/a CHUY'S, by and through the undersigned counsel and in accordance with the Federal Rules of Civil Procedure and Title 28 United States Code ("U.S.C.") §§1332, 1441, and 1446, hereby files this Notice of and Petition for Removal of this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. The removal of this action is based upon the following:

## BACKGROUND

1. On or about April 23, 2019, Plaintiff, JAMES BURNS ("Plaintiff"), filed the instant action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, which was captioned "*James Burns v. Chuy's Opco, Inc. d/b/a Chuy's*" and assigned case number 2019-012214-CA-01 (the "Circuit Court Case"). *A copy of the Complaint filed by Plaintiff is attached hereto in composite Exhibit "A."* In his Complaint, Plaintiff seeks relief for alleged race discrimination in violation of the Florida Civil Rights Act of 1992, Fla. Stat. §760. et seq. ("FCRA"). *See Exhibit "A" at Compl.*

2. Defendant was served with the Complaint and summons on or about May 8, 2019. Copies of all process, pleadings and other papers on file with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida are attached hereto in composite Exhibit "A" as required by 28 U.S.C. § 1446(a).

3. This action satisfies the requirements of diversity jurisdiction provided in 28 U.S.C. § 1332(a) because, as established herein, there is complete diversity amongst the parties, and the amount in controversy exceeds $75,000.

4. This Notice of and Petition for Removal has been filed within 30 days of receipt by Defendant of a copy of the Complaint in the Circuit Court Case. Thus, this Notice of and Petition for Removal is timely filed pursuant to §28 U.S.C. § 1446(b).

5. The United States District Court for the Southern District of Florida, Miami Division, encompasses the judicial district in which Plaintiff filed his Complaint. Therefore, removal is proper pursuant to 28 U.S.C. § 1446(a).

6. Pursuant to 28 U.S.C. § 1446 (d), Defendant will promptly provide written notice of the removal to all parties in this action, and will file a copy of this Notice of and Petition for Removal in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION**

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between 'citizens of different states.'" As established below, there is complete diversity of citizenship between the parties, and the amount in controversy far exceeds the threshold amount of $75,000.

## A. **Complete Diversity of Citizenship Exists Between the Parties.**

a. Plaintiff is a Citizen of the State of Florida

An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *Brooks v. Sears, Roebuck & Co.*, 2018 U.S. Dist. LEXIS 124390, *10 (M.D. Fla. 2018) (quoting *McCormick*, 293 F.3d at 1257-58). *Jakobot v. Am. Airlines, Inc.*, 2011 U.S. Dist. LEXIS 64824, *5 (S.D. Fla. June 20, 2011). While there is a presumption that the state in which a person resides is that person's domicile, for purposes of diversity jurisdiction, domicile is determined by residence and intent to remain. *Grant v. Pottinger-Gibson*, 2017 U.S. Dist. LEXIS 111695, *6-7 (S.D. Fla. July 17, 2017); *Jakobot*, 2011 U.S. Dist. LEXIS 64824, at *5. As such, courts consider a party's residence as part of the "totality of the evidence" to supplement a residence allegation. *Id.* at *6-7.

In his Complaint, Plaintiff alleges that he is a resident of Miami-Dade County, Florida. *See Exhibit "A," Compl. at ¶ 4.* Beyond this allegation of residency, Plaintiff has shown through a totality of evidence that he is domiciled in, and intends to remain a citizen of, the State of Florida. For example, the information Plaintiff submitted to Defendant when he applied for employment shows that Plaintiff resided in the State of Florida from before, and through his employment with Defendant. *See Affidavit of Marcia Williams, attached hereto as Exhibit "B" at ¶6, Form I-9.* Plaintiff attended school in the State of Florida. *See Exhibit "B" at ¶6, Application.* He has a Florida Driver's License and his license does not expire until March 25, 2020. *See Exhibit "B" at ¶ 6, Form I-9.* In fact, the only address that Defendant has on record for Plaintiff is within the State of Florida. *See Exhibit "B" at ¶ 6-7, Form I-9,*

3

*Application, W-4.* Defendant has no information to suggest that Plaintiff does not intend to remain in the state.

Accordingly, Defendant respectfully suggests that it has carried its burden of showing that Plaintiff is, and has been at all relevant times, a citizen of the State of Florida for the purposes of removal. Since Defendant is not a citizen of the State of Florida, removal is proper upon such a showing, and in the absence of any countervailing factors. *See Grant*, 2017 U.S. Dist. LEXIS 111695, at *7 (finding that a minimal showing of domicile and citizenship support a finding that diversity exists and that removal is proper).

b. Defendant is a Citizen of the State of Delaware and Texas

Pursuant to 28 U.S.C. § 1332 (c)(1), "[a] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." Defendant is a company incorporated in the State of Delaware with a principal place of business in the State of Texas. *See Exhibit "B" at* ¶ *3-4.* Accordingly, since Defendant is not a citizen of the State of Florida like Plaintiff, Defendant has satisfied its burden of showing that there is complete diversity of citizenship amongst the parties.

B. **The Amount in Controversy Exceeds $75,000.**[1]

Plaintiff alleges in his Complaint to have suffered damages including, but not limited to (1) damage to reputation, confidence and self-esteem; (2) loss of past and future income; (3) loss of future earning capacity; (4) loss of other fringe benefits; (5) stress, anxiety and emotional distress; (6) significant past and future pain and suffering; and (7) other financial

---

[1] The following analysis is made to demonstrate that the amount in controversy in this action is more likely than not in excess of the jurisdictional limit at issue. By making this analysis, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever.

4

losses. *See Exhibit "A," Compl. at ¶ 20.* Plaintiff further claims that he is entitled to an award of reasonable attorneys' fees, expert fees, costs and expenses related to this litigation, and demands compensatory, consequential and punitive damages, all equitable relief, as well as litigation expenses and costs, including attorneys' fees. *See Exhibit "A," Compl. at ¶ 21 and at the WHEREFORE clause following ¶ 21.*

Where, as here, the Plaintiff has not plead a specific amount of damages, "the defendant is required to show that by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, Case No., 2014 U.S. Dist. LEXIS 95412, at *6 (M.D. Fla. Jul. 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id.* at 754. "When it is clear that the jurisdictional minimum is likely met, a district court should

acknowledge the value of the claim, even if it is unspecified by the plaintiff. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for 'employing the kinds of manipulative devices against which the Supreme Court has admonished [courts] to be vigilant.'" *Cowan*, 2014 U.S. Dist. LEXIS 95412, at *7-8 (citing *Roe*, 613 F.3d at 1064).

As Judge Howard pointed out in *Cowan*, "recent Eleventh Circuit opinions promote a greater reliance on a court's judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached." *Id.*, at *13. However, it is improper for the court to inquire into the amount of damages a plaintiff is likely to receive on the merits. *McDaniel v. Fifth Third Bank*, 568 Fed. App'x 729, 731 (11th Cir. Jun. 5, 2014). Rather, "[w]hen determining whether the amount in controversy requirement has been met, district courts should only consider the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover." *Id.* at 730. The defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *Id.* at 731 (emphasis added).

a. Back Pay and Front Pay

Plaintiff seeks damages including "loss of past and future income," or back pay and front pay, against Defendant. *See Exhibit "A," Compl. at ¶ 20.* Pursuant to the FCRA, a prevailing plaintiff is presumptively entitled to back pay and front pay. *Gonzalez v. Honeywell Int'l, Inc.*, 2017 U.S. Dist. LEXIS 5837, *4-5 (M.D. Fla. Jan. 17, 2017). In determining the amount in controversy, many courts have held that back pay may be calculated through the estimated date of trial. *Id.*, at *5. *See also Marcenaro v. Creative Hairdressers Inc.*, 2012 U.S. Dist. LEXIS 56286, *5-6 (S.D. Fla. April 23, 2012); *Risk v. JetBlue Airways Corp.*, 2017 U.S.

6

Dist. LEXIS 62542, *9 (S.D. Fla. April 24, 2017); *Penalver v. Northern Elec., Inc.*, 2012 U.S. Dist. LEXIS 53662, *5 (S.D. Fla. April 17, 2012); *Booker v. Doyon Sec. Servs.*, LLC, 2017 U.S. Dist. LEXIS 220781, *8 (S.D. Fla. Jan. 20 2017); *Cashman v. Host, Int'l*, 2010 U.S. Dist. LEXIS 123164, *4 (M.D. Fla. Nov. 9, 2010); *Sheehan v. Westcare Found., Inc.*, 2013 U.S. Dist. LEXIS 9027, *5 (M.D. Fla. Jan. 23, 2013); *Hendry v. Tampa Ship*, LLC, 2011 U.S. Dist. LEXIS 14459 (M.D. Fla. Feb. 4, 2011); *Wineberger v. Racetrac Petroleum, Inc.*, 2015 U.S. Dist. LEXIS 5570 (M.D. Fla. Jan. 16, 2015).

Plaintiff worked full-time from February 26, 2018 through his termination date of July 15, 2018. *See Exhibit "B" at* ¶ 5. As of his date of termination, Plaintiff's wages annualized would have been approximately $26,000. *See Exhibit "B" at* ¶ 5. Plaintiff, therefore, made approximately $500.00 per week. Thus, to date, Plaintiff's alleged back pay wages total approximately $23,500 (47 weeks of back pay). If this case proceeds to trial within one year of the filing of this action (*i.e.* June 7, 2020), which is in line with a Standard Track case outlined in Local Rule 16.1(a)(2)(B), Plaintiff's back pay *alone* could total **$49,500** (99 weeks).[2]

With regard to front pay, there are courts in the Eleventh Circuit that have held that it is reasonable to add one year of front pay to the amount in controversy in FCRA employment discrimination cases. *Gonzalez*, 2017 U.S. Dist. LEXIS 5837, at *5-6. *See also Wineberger*, 2015 U.S. Dist. LEXIS, at 8*; *Booker*, 2017 U.S. Dist. LEXIS 220781, at *9-10; *Penalver*, 2012 U.S. Dist. LEXIS 53662, at *7. Here, Plaintiff has made no indication that he has found a subsequent job or has mitigated his damages. *See Marcenaro*, 2012 U.S. Dist. LEXIS 56286, at *6 (noting that with respect to the calculation of back pay to determine the

---

[2] Notably, the Court in *Booker* applied this same methodology by considering back pay through a trial one year from the date of filing. See 2017 U.S. Dist. LEXIS 220781, at * 8.

7

amount in controversy, it is the plaintiff's burden to demonstrate that such mitigation has occurred). In fact, Plaintiff has specifically requested damages for loss of future income, or front pay. *See Exhibit "A," Compl. at ¶20.* As such, Plaintiff's estimated front pay for one year is approximately **$26,000**. Accordingly, Plaintiff's back pay and front pay *alone* is **$75,500**, which exceeds the jurisdictional amount.

   b. Compensatory Damages and Punitive Damages

Plaintiff also seeks compensatory damages (for stress, anxiety, emotional distress, pain and suffering, and damage to reputation confidence and self-esteem) and punitive damages. *See Exhibit "A," Compl. at ¶ 20 and at the WHEREFORE clause following ¶21.* Compensatory and punitive damages are provided for under the FCRA and must be considered in calculating the amount in controversy.[3] *See* Fla. Stat. § 760.11(5); *Gonzalez*, 2017 U.S. Dist. LEXIS 5837, at *7; *Brown v. Cunningham Lindsey*, 2005 U.S. Dist. LEXIS 38862, *16 (M.D. Fla. May 11, 2005); *Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.*, 320 U.S. 238 (1943); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

For the purposes of determining the amount in controversy, a party may satisfy its burden by submitting evidence of damages from decisions in comparable cases. *Risk*, 2017 U.S. Dist. LEXIS 62542, at *6; *Schmidt v. Pantry, Inc.*, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. March 6, 2012); *Simmons v. Wash. Mut. Fin., Inc.*, 2007 U.S. Dist. LEXIS 12984, *3 (M.D. Fla. Feb. 22, 2007). Courts in this Circuit have permitted awards for emotional distress and other intangible injuries for claims for employment discrimination, including claims under the FCRA, that have alone been in excess of $75,000. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d

---

[3] "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted). *See also Booker*, 2017 U.S. Dist. LEXIS 220781, *10.

8

1340, 1348-49 (11th Cir. 2000) (affirming an award of $150,000 in compensatory damages for emotional distress in an employment discrimination case); *Hill v. Xerox Corp.*, 998 F.Supp.1378 (N.D. Fla. Feb. 2, 1998) (finding that the jury's assessment of $457,000 for damages for mental anguish in an employment discrimination case was not unreasonable); *Baker v. City of Safe Harbor*, 2008 U.S. Dist. LEXIS 94902, *4-5 (M.D. Fla. Nov. 12, 2008) (denying a defendant's motion for remittitur of a $60,000 award for pain and suffering in an employment discrimination case); *Copley v. Bax Global, Inc.*, 97 F.Supp.2d 1164, 1172 (S.D. Fla. 2000) (ordering a jury's award for emotional pain and mental anguish remitted to $100,000 in an employment discrimination case). As such, even assuming a compensatory damages claim as low as **$30,000** it is clear that the amount in controversy factoring in back pay, front pay and compensatory damages alone, is well over the threshold amount ($49,000 + $26,000 + $30,000).[4]

With regard to punitive damages, there is nothing in Plaintiff's complaint that suggests he is seeking an amount lower than the maximum allowed under the FCRA, which is **$100,000**. *See* Fla. Stat. §760.11(5); *Penalver v. Northern Elec., Inc.*, 2012 U.S. Dist. LEXIS 53662, at *8. *See also Cunningham Lindsey U.S.*, 2005 U.S. Dist. LEXIS 38862 at *16 (concluding that the amount in controversy exceeded $75,000, in part, because the plaintiff was seeking punitive damages and nothing in her motion to remand indicated that she was seeking less than the $100,000 statutory maximum).

Plaintiff has not merely asserted punitive damages in his request for relief, but has alleged entitlement to punitive damages in his Complaint by asserting that Defendant's alleged violations of the FCRA were intentional, willful, malicious, and were with gross disregard to Plaintiff's rights. *See Exhibit "A," Compl., at ¶ 19*. In determining whether a punitive damages

---

[4] Defendant in no way concedes that Plaintiff has suffered compensatory damages or is otherwise entitled to any damages. Rather in the absence of a dollar amount pled by Plaintiff this is a reasonable approach to determining the amount Plaintiff is claiming in damages as the amount in controversy.

9

award violates due process, the Eleventh Circuit has looked to decisions by the Supreme Court to determine that a 4:1 ratio between punitive and compensatory damages was both reasonable and proportionate. *See Richardson v. Tricom Pictures & Prods.*, 334 F.Supp.2d 1303, 1322 (S.D. Fla. 2004) (citing *Bogle v. McClure*, 332 F.3d 1347,1362 (11th Cir. 2003)). Therefore, even assuming a punitive damages award of 1:1, which is far below the 4:1 ratio that has been deemed reasonable and proportionate, and the $100,000 FCRA cap, the amount in controversy can reasonably be expected to exceed the $75,000 jurisdictional amount after factoring in a portion of the aforementioned back pay, front pay, and compensatory damages.

   c. <u>Attorneys' Fees</u>

Finally, Plaintiff seeks recovery for reasonable attorney's fees, which are expressly provided for by the FCRA. *See Exhibit "A," Compl. at ¶ 21 and at the WHEREFORE clause following ¶ 21. See also* Fla. Stat. § 760.11(5); *Gonzalez*, 2017 U.S. Dist. LEXIS 5837, at *6. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Cunningham Lindsey U.S.*, 2005 U.S. Dist. LEXIS 38862 at *13 (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)). *See also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). Courts have specifically factored in attorneys' fees in determining the amount in controversy for cases under the FCRA. *See Logsdon v. Duron, Inc.*, 2004 U.S. Dist. LEXIS 28525 (M.D. Fla. Nov. 10, 2004). When determining the amount of attorneys' fees to be included into the amount in controversy, there are courts in this Circuit that estimate the amount of fees through trial and/or look to similar cases for guidance as to hourly rate and hours. *See e.g. Schmidt v. Pantry, Inc.*, 2012 U.S. Dist. LEXIS 53530 (N.D. Fla. Mar. 6, 2012); *Cunningham Lindsey U.S.*, 2005 U.S. Dist. LEXIS 38862 at *13-14.

Here, Defendant modestly estimates that Plaintiff's counsel may claim over 200 hours for litigating this case through trial. Such an estimate is consistent with how courts within Florida have defined "reasonableness" with regard to the amount of hours spent litigating a case. *See e.g., Holland v. Gee*, 2012 U.S Dist. LEXIS 164956, at *16 (M.D. Fla. Oct. 23, 2012) (affirming an estimate of 260.8 billed hours by lead attorney and 190.8 hours billed by associate attorney as reasonable in a Title VII and FCRA case that proceeded through trial); *Joseph v. Publix Super Markets, Inc.*, 2004 U.S. Dist. LEXIS 30889, at *15-16 (S.D. Fla. Mar. 29, 2004) (awarding plaintiff $187,874.50 in attorneys' fees in a Title VII case based upon 1,023 hours of attorneys' billable time).

Further, courts have also found that $250-300 per hour is a reasonable hourly rate for plaintiffs' attorneys in discrimination cases. *See e.g., St. Fleur v. City of Fort Lauderdale*, 149 Fed. App'x 849, 852-53 (11th Cir. 2005) (affirming $250 as a reasonable hourly rate for lead trial attorneys litigating a Title VII claim in the Middle District of Florida); *Brown v. Sch. Bd. of Broward County*, 2010 U.S. Dist. LEXIS 85084, at *8 (S.D. Fla. June 29, 2010) ($250 was a reasonable rate for a plaintiff's attorney with six years of experience litigating a Title VII claim in the Southern District of Florida). Counsel for Plaintiff has been admitted to practice law in the State of Florida since 2000, so the Court may use $250 as a reasonable rate.

Following these precedents, Plaintiff's claims for attorneys' fees could range from **$50,000 to $75,000.00** ($250 hourly rate x 200 – 300 billable hours). When combined with Plaintiff's claims for back pay, front pay, compensatory damages, and punitive damages, the amount in controversy far exceeds the threshold $75,000.

## CONCLUSION

Plaintiff is a citizen of the State of Florida and Defendant is a citizen of the State of Delaware and the State of Texas. There is complete diversity amongst the parties. Based on Plaintiff's claims for back pay, front pay, compensatory damages, punitive damages, and attorneys' fees, Defendant respectfully submits that it has established by a preponderance of the evidence that the amount in controversy in this matter is in excess of $75,000.

WHEREFORE, Defendant, CHUY'S OPCO, INC. d/b/a CHUY'S, respectfully removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.

DATED this 7th day of June, 2019.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:   (407) 246-8440
Facsimile:   (407) 246-8441

By: _____
Amanda A. Simpson
Florida Bar No. 0072817
amanda.simpson@jacksonlewis.com

Lin J. Wagner
Florida Bar No. 0093138
lin.wagner@jacksonlewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by e-mail to David M. Cozad, Esquire, Law Offices of Levy & Levy, P.A., 1000 Sawgrass Corporate Parkway, Suite 588, Sunrise, FL 33323 at david@levylevylaw.com.

_____
Lin J. Wagner

4825-2287-6312, v. 1